IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EMANUEL WILLIAMS, #A6021884, | ) CIV. NO. 16-00292 LEK/KSC ) ) ORDER DISMISSING COMPLAINT |
| Plaintiff, | ) WITH LEAVE TO AMEND ) |
| vs. | ) ) |
| FRANCIS X. SEQUEIRA, DELAN PALEKA, | ) ) ) |
| Defendants. | ) ) |

**<u>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND</u>**

Before the court is pro se Plaintiff Emanuel William's prisoner civil rights complaint. Williams alleges Halawa Correctional Facility ("HCF") Warden Francis X. Sequeira and Captain Delan Paleka violated his right to due process under the Fourteenth Amendment.

The court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). For the following reasons, the Complaint is DISMISSED for failure to state a claim, with leave granted to amend as limited below.

## I. BACKGROUND

The Complaint provides little detail to support Williams's claims. He alleges Defendants Sequeira and Paleka denied him: (1) an "Administrative Review Proceeding" on four separate occasions over a four month period (Count I); and (2) educational, occupational, and social adjustment programs (Count II). Williams provides no other pertinent details or facts in support of these claims.

## II.   SCREENING

The court must screen all prisoner civil actions commenced pursuant to 28 U.S.C. § 1915(a), or brought by prisoners seeking redress from government entities, officers, or employees, *see* 28 U.S.C. § 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from an immune defendant must be dismissed. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This

"does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Johnson v. City of Shelby*, --- U.S. ---, ---, 135 S. Ct. 346, 347 (2014) (per curiam) ("A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility.").

To determine whether a complaint satisfies Rule 8(a)(2), a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pleaded. *See Iqbal*, 556 U.S. at 675.

A pro se litigant's complaint is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). The court construes the pleadings in the light most favorable to a pro se plaintiff and accepts all factual allegations in the complaint as true. *Id.* Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

### III.  DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), vacated and remanded on other grounds, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Section 1983 requires a connection between a defendant's actions and a plaintiff's allegations. *See*

*Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**A.  Due Process**

The Due Process Clause protects prisoners from deprivation of liberty without due process of law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Due Process Clause itself does not confer a liberty interest in being confined in the general prison population instead of segregation. *See Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

*Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

To determine atypical and significant hardship, courts examine:

> (1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87).  "If the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process." *Id.* at 860.

**B.   Count I**

To the extent Williams challenges an alleged denial of Administrative Review Proceedings for four months regarding his placement in administrative segregation, and this is unclear, he fails to state a claim.

First, Williams has no direct liberty interest under the Due Process Clause in avoiding confinement in

6

segregation.  *Hewitt*, 459 U.S. at 466-68; *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (holding confinement in the special holding unit was within range of confinement normally expected and did not violate due process); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (holding administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence).

Second, Williams identifies no atypical or significant hardship that he experienced in relation to the ordinary incidents of prison life giving rise to a state-created liberty interest.  *Sandin* held that sixty days in HCF's disciplinary segregation did not violate due process, in part because that confinement "mirrored those conditions imposed upon inmates in [HCF's] administrative segregation," and therefore comported with the prison's discretionary authority.  *Sandin*, 505 U.S. at 486-87.  Williams fails to allege the duration of his administrative segregation, the degree of restraint it imposed, or whether his confinement in administrative segregation will invariably affect the

duration of his sentence.  Williams therefore fails to allege a state-created liberty interest.

Third, even if Williams can state a liberty interest, he fails to detail what process he was denied.  A prisoner's placement in administrative segregation does not give rise to the full, heightened procedural protections required for disciplinary segregation as set forth in *Wolff*, 418 U.S. 539.  *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003).  Rather, pursuant to administrative segregation of an inmate, prison officials must simply provide notice of the charges within five days, *see Hewitt*, 459 U.S. at 476, and an opportunity for the inmate to present his views to the deciding officer.  *Bruce*, 351 F.3d at 1287 (9th Cir. 2003) (citing *Toussant v. McCarthy*, 801 F.2d 1080, 1099 (9th Cir. 1986) *overruled on other grounds by Sandin*, 515 U.S. 471)).  Williams neither alleges Defendants failed to provide him notice of the reasons for his administrative detention nor that they denied him an opportunity to informally challenge those reasons.

Fourth, Williams fails to allege sufficient facts linking Sequeira or Paleka to his claim and showing their personal involvement in his claim. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Williams's claims in Count I regarding the denial of Administrative Review Proceedings are insufficient to show that his claim has substantive plausibility. *Johnson*, 135 S. Ct. at. 347.  Count I is DISMISSED for failure to state a claim.

**C.   Count II**

Williams alleges Defendants Sequeira and Paleka violated his right to due process by denying him educational, occupational, or social programs. Williams has no direct constitutional liberty interest in such programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985).  And, for the reasons detailed above, he fails to allege any state-created liberty interest in such programs.  Count II is DISMISSED for failure to state a claim.

## IV. LEAVE TO AMEND

Williams may file an amended complaint on or before **August 5, 2016**, that cures the deficiencies noted above. An amended complaint generally supersedes the previous complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). Thus, an amended complaint should stand on its own without incorporation or reference to a previous pleading. See Local Rule LR10.3 ("Any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court.").

Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may later be deemed voluntarily dismissed. *Lacey*, 693 F.3d at 928 (stating claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

Any amended complaint must (1) be designated as the "First Amended Complaint;" (2) contain short, plain statements explaining how each Defendant violated Williams's rights in light of the discussion above; and (3) be retyped or rewritten in its entirety on a court complaint form.

## V. **WARNINGS**

Because the Complaint is DISMISSED for failure to state a claim, if Williams fails to file an amended complaint correcting the deficiencies identified in this Order, this action will be DISMISSED. This dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g), unless overturned on appeal. Under the 3-strikes provision, a prisoner may not bring a civil action or appeal in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

danger or serious physical injury." 28 U.S.C. § 1915(g).

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court will DISMISS this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

## VII.  **CONCLUSION**

(1)  The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

(2)  Williams may file an amended complaint on or before **August 5, 2016**, curing the specific deficiencies noted above.

(3)  Failure to timely amend the Complaint and cure its pleading deficiencies will result in entry of judgment dismissing this action for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).  This judgment shall constitute a strike, unless overturned on appeal.

(4)   The Clerk is DIRECTED to send Williams a blank prisoner civil rights complaint form so that he may comply with this order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 5, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Williams v. Sequeia,* 1:16-cv-00292 LEK/KSC; Scr'g 2016; Williams 16-292 LEK (DP admin hrg and programs)